**Clyde H. CUTNER, et al.**

v.

**Jonathan H. NEWMAN, et al.**

**No. CIV.A.05–03007–JF.**

United States District Court,
E.D. Pennsylvania.

Nov. 9, 2005.

James Alexander, Indiana University School of Law, Bloomington, IN, Robert D. Epstein, Epstein Cohen Donahoe & Mendes, Indianapolis, IN, Toby P. Camen, Gladwyne, PA, for Clyde H. Cutner, et al.

Howard G. Hopkirk, Office of the Attorney General, Harrisburg, PA, for Jonathan H. Newman, et al.

### MEMORANDUM AND ORDER

FULLAM, Senior District Judge.

At the present time, Pennsylvania law discriminates against out-of-state wineries, and favors in-state wineries. Out-of-state wineries are not permitted to sell or ship directly to consumers or restaurants, nor may they take telephone orders or internet orders. They must sell only to state-run Pennsylvania liquor stores, and may make such sales only at the rate of nine liters per month or less. 47 Pa. Stat. §§ 4–488, 4–404, 4–491; 40 Pa.Code § 9.143. By contrast, a winery which is "both a citizen and resident of the Commonwealth" may sell wine on its own premises and at other approved locations, directly to individuals, hotels and restaurants. 47 Pa. Stat. § 5–505.2; 40 Pa.Code § 11.111. They may make direct sales without limitation as to quantity, and may ship wine by common carrier. 40 Pa.Code § 11.111.

Plaintiff Chateau Thomas Winery, Inc. is an out-of-state (Indiana) winery which would like to sell its product directly to Pennsylvania consumers. Plaintiff Clyde H. Cutner, a Pennsylvania resident, would like to be able to buy and receive wine from out-of-state wineries. Plaintiffs brought this action seeking to invalidate the Pennsylvania laws and regulations which discriminate against out-of-state wineries—discrimination which has recently been ruled unconstitutional by the United States Supreme Court, *Granholm v. Heald*, —— U.S. ——, 125 S.Ct. 1885, 161 L.Ed.2d 796 (May 16, 2005). Defendants are the appropriate officials of the Pennsylvania Liquor Control Board, sued in their official capacities. Plaintiffs have filed a motion for judgment on the pleadings.

■ The defendants agree that the current Pennsylvania statutory scheme is unconstitutional under the *Granholm* decision, and agree that plaintiffs are entitled to judgment on the pleadings. The disagreement has to do with the nature of the relief to be afforded.

Plaintiffs seek an injunction against continued enforcement of the limitations on out-of-state wineries. Defendants argue, among other things, that this court should simply impose upon in-state wineries the same restrictions against direct sales and shipments as apply to out-of-state wineries. Indeed, defendants argue, in the alternative, that this action is moot, because the Pennsylvania Liquor Control Board has issued an "advisory" to the effect that in-state wineries can no longer sell or ship directly to customers. Plaintiffs counter with the argument that the recent "advisory" is a nullity, because the Pennsylvania Liquor Control Board does not have the legal authority to repeal Pennsylvania statutes which expressly permit in-state wineries to make direct sales and shipments.

■ It so happens that the Pennsylvania Wine Association and two in-state wineries have recently filed suit in the Commonwealth Court of Pennsylvania, *Pennsylvania Wine Ass'n v. Commonwealth of Pennsylvania,* No. 564 MD 2005 (Pa. Commw. Ct., filed Nov. 4, 2005), challenging the validity of the "advisory" notice. On November 7, 2005—the same date the pending motion for judgment on the pleadings was argued in this court, the Commonwealth Court granted a temporary restraining order against enforcement of the "advisory" notice. Thus, at least for the present, the restrictions against direct sales and shipments by out-of-state wineries continue to be unconstitutional, under *Granholm.* This case has not been rendered moot.

■ Defendants have also advanced an argument to the effect that this court should abstain from resolving the constitutional issue, but I am not persuaded there is any basis for such an argument. The issue before this court is unconstitutionality under the United States Constitution. An injunction against continuation of the unconstitutional application of state statutes does not, of course, preclude action by the state legislature to correct the situation—in whatever manner the legislature deems appropriate.

This court does not have the power to declare perfectly valid state statutes and regulations unconstitutional, but can only invalidate unconstitutional statutes. It is, obviously, not unconstitutional for the state to permit in-state wineries to sell direct to customers. Moreover, as noted by plaintiffs, it would violate due process to impair the statutory rights of in-state wineries in litigation in which they are not represented.

For all of these reasons, I decline the defendants' invitation to resolve the constitutional dilemma by purporting to impose upon in-state wineries the same restrictions which the challenged statutes now impose on out-of-state wineries. That is a matter for the legislature to address.

Accordingly, it is clear that the present restrictions against out-of-state wineries cannot constitutionally be enforced. An appropriate Order follows.

### ORDER

AND NOW, this 9th day of November 2005, upon consideration of plaintiffs' Motion for Judgment on the Pleadings and defendants' response, IT IS ORDERED:

1. Plaintiffs' Motion for Judgment on the Pleadings is GRANTED.

2. It is hereby DECLARED that Pennsylvania's statutory and regulatory scheme which prohibits out-of-state wineries from selling and shipping directly to consumers, hotels and restaurants, while allowing in-state wineries to do so, is unconstitutional, under the authority of *Granholm v. Heald,* —— U.S. ——, 125 S.Ct. 1885, 161 L.Ed.2d 796 (2005).

3. Defendants are hereby ENJOINED from enforcing Pennsylvania Statutes, Title 47 §§ 4–488, 4–491, and 4–404, and Pennsylvania Administrative Code, Title 40 §§ 9.143 and 9.145, so as to prohibit out-of-state wineries from selling and shipping wine directly to consumers, hotels and restaurants in the Commonwealth of Pennsylvania, if, and so long as, in-state wineries are not subject to equivalent restrictions.

4. The only alcoholic beverage at issue in this case is wine. This order does not affect the validity of any statute or regulation with respect to other types of alcoholic beverages.

5. Plaintiffs may submit an application for attorney's fees within 10 days.